## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| A.M., BY AND THROUGH HIS MOTHER AND NEXT FRIEND, APARNA DEORA, PH.D., | ) ) ) | |
| | ) | No. 4:20-cv-00553-SEP |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BRIDGECREST ACCEPTANCE CORPORATION d/b/a BRIDGECRE | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE FOUR OF DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiff A.M., by and through his mother and next friend, Aparna Deora, Ph.D., states the following in support of Plaintiff's Motion to Strike Four of Defendant's Affirmative Defenses.  Those defenses are Affirmative Defense No. 3 (lack of damage to Plaintiff), No. 4 (no use of an automatic telephone dialing system), No. 6 (failure to mitigate damages), and No. 8 (reservation of rights). (Doc. 10 at 8).

### I.   GENERAL LEGAL FRAMEWORK

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); *accord Nationwide Ins. Co. v. Central Mo. Elec. Co-op, Inc.*, 278 F.3d 742, 748 (8th Cir. 2001).  Rule 8(c) of the Federal Rules of Civil Procedure governs the pleading of affirmative defenses and requires that a party "affirmatively state any avoidance or affirmative defense."  Fed. R. Civ. P. 8(e).  "Each allegation must be simple,

concise, and direct." Fed. R. Civ. P. 8(c).  "[W]here a challenged defense fails as a matter of law or is immaterial to the matter, the resources and time expended to counter such a defense constitute per se prejudice."  *In re RFC & ResCap Liquidating Trust Litig*., No. 13-CV 3520 JRT/HB, 2015 WL 2451254, at *4 (D. Minn. May 21, 2015).  "[W]here, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay."  *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

## II.  FOUR OF DEFENDANT'S AFFIRMATIVE DEFENSES ARE INSUFFICIENT AS A MATTER OF LAW

Plaintiff's complaint contains two counts:  Count I for Violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (TCPA), and Count II for Conversion.  Defendant pleaded eight "affirmative defenses" and did not appear to limit them to either count but rather to apply to both counts.  (Doc. 10 at 8.)  Although some of those defenses are not truly affirmative defenses,[1] Plaintiff is only targeting Defendant's Affirmative Defense Nos. 3, 4, 6, and 8. Those defenses are quoted and discussed below.

| 3.     Plaintiff has not been damaged. |
| --- |

In paragraph 33 of the complaint, Plaintiff alleged, as to Count I, that

Defendant's calls, including the text messages, (a) annoyed, disturbed, and harassed Plaintiff, (b) concerned Plaintiff because many of the communications falsely indicated there was a relationship between the Parties, (c) intruded upon Plaintiff's solitude and seclusion, (d) invaded Plaintiff's privacy, (e) wasted Plaintiff's time, (f) made Plaintiff's cellular telephone unavailable

---

[1] Affirmative Defense No. 1 for failure to state a claim could be stricken.  *See Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1176 (N.D. Cal. 2010) ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case.") (citing Boldstar Tech., LLC v. Home Depot, Inc., 517 F.Supp.2d 1283, 1291 (S.D. Fla. 2007)); *Lemery v. Duroso*, No. 4:09CV00167 JCH, 2009 WL 1684692, at *3 (E.D. Mo. Jun. 16, 2009)).

while ringing, and (g) diminished Plaintiff's cellular telephone battery, thereby damaging Plaintiff in a concrete and particularized way.

(Doc. 1-1 at 14-15 ¶ 43.)

In Count II for conversion, Plaintiff alleged that (1) "Plaintiff was entitled to possess the cellular telephone, its voicemail, its storage capacity, and its battery life," "Defendant took possession of the voicemail space on the account for such telephone and took away some of its battery life with the intent to exercise some control over them," and "Defendant deprived Plaintiff of the right to possession, thereby damaging Plaintiff." (*Id.* at 17 ¶¶ 57-59.)

"An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters." *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 477 n.1 (7th Cir. 2019). "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *See Zikovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (same); 5 C. Wright and A. Miller, Federal Practice and Procedure § 1270, at 289 (1969) (Rule 8(c) of Federal Rules of Civil Procedure, which requires pleading of affirmative defenses, "is a lineal descendent of the common law plea by way of 'confession and avoidance,' which permitted a defendant who was willing to admit that the plaintiff's declaration demonstrated a *prima facie* case to then go on and allege additional new material that would defeat the plaintiff's otherwise valid cause of action").

Two reasons support striking Defendant's attempted third affirmative defense. First, at to Counts I and II, because the defense merely denies Plaintiff's

allegations that Plaintiff was damaged and adds nothing more, it is not an affirmative defense and is therefore insufficient as a matter of law. *See Surface Supplied, Inc. v. Kirby Morgan Dive Sys., Inc.*, No. C-13-575 MMC, 2013 WL 5496961, at *3 (N.D. Cal. Oct 3, 2013) ("[A]n assertion that the plaintiff suffered no damages is not an affirmative defense, because it is essentially an allegation that the plaintiff cannot prove the elements of its claims" (citation omitted).); *see also Reed*, 915 F.3d at 477 n.1; *Zikovic*, 302 F.3d at 1088; *In re Rawson Food Serv., Inc.*, 846 F.2d at 1349. Second as to Count I, Plaintiff is seeking to recover statutory damages, not actual damages. (Doc. 1-1 at 16-17 ¶ 55.) Therefore, Defendant's third affirmative defense should be stricken under Rule 12(f) as to both counts.

> 4.   Bridgecrest does not use and "automatic telephone dialing system" as that term is defined under 47 U.S.C. §227.

Defendant's fourth attempted affirmative defense should be stricken as insufficient as to both counts because it is not an affirmative defense. Rather, this defense is merely the denial of a prima facie element of Count I for violation of the TCPA. *See Williamceau v. Dyck-O'Neal, Inc.*, No. 2:16-CV-855-FTM-29CM, 2017 WL 2544872, at *3 (M.D. Fla. June 13, 2017) (striking defense of no ATDS after noting that establishing use of ATDS is part of prima facie TCPA case and defense which points out defect in plaintiff's prima facie case is not affirmative defense); *see also Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999) ("An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."); *cf. Brenner v. Am. Educ. Servs.*,

No. 4:12CV1631 HEA, 2017 WL 1281425, at *3 (E.D. Mo. Apr. 6, 2017), *aff'd*, 702 F. App'x 503 (8th Cir. 2017) (plaintiff must establish that ATDS was utilized). Therefore, Defendant's third affirmative defense should be stricken under Rule 12(f) as to Count I.  It should also be stricken as insufficient as to Count II because whether an ATDS was used has no bearing on the conversion count.

> 6.    Plaintiff failed to mitigate any alleged damages.

Defendant's sixth affirmative defense should be stricken as insufficient as to Plaintiff's TCPA claim in Count I.  *See* Fed. R. Civ. P. 12(f).  This Court, as well as district courts nationwide, have held that failure to mitigate damages is not a cognizable defense to a TCPA claim, whether that claim results from robocalls, spam text messages, or unsolicited fax advertisements.

On August 23, 2017, in a TCPA junk fax case, United States District Judge E. Richard Webber struck the failure-to-mitigate defense after surveying courts within this district and elsewhere that have stricken such defenses:

> This Court and other courts have determined recipients of unsolicited faxed advertisements have no duty to mitigate or to ask senders to stop transmitting such advertisements. [*Suzanne* *Degn[e]n,* [*DMD, PC v. Dentis USA Corp.*, No. 4:17-CV-292 (CEJ), 2017 WL 2021085, at *2 (E.D. Mo. May 12, 2017)], citing *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *5 (E.D. Cal. Nov. 16, 2015) (striking failure-to-mitigate defense); *Exclusively Cats Vet. Hosp., P.C. v. Pharm. Credit Corp.*, No. 13-CV-14376, 2014 WL 4715532, at *6 (E.D. Mich. Sept. 22, 2014) (where it was clear plaintiff sought only statutory damages, mitigation defense "cannot succeed under any circumstances"); *Powell v. W. Asset Mgmt., Inc.*, 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011) (listing cases finding no duty to mitigate under § 227 of the TCPA); *Holtzman v. Turza*, No. 08 C 2014, 2010 WL 4177150, at *5 (N.D. Ill. Oct. 19, 2010), *aff'd sub nom. Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Onsite Computer Consulting Servs., Inc. v. Dartek Computer Supply Corp.*, No. 05AC-000108 I CV, 2006 WL 2771640, at *4 (Mo. Cir. Ct. May 17, 2006) ("Plaintiff was not required to mitigate its damages by calling Defendant and

asking that the faxes be stopped."). Accordingly, Defendant's failure-to-mitigate affirmative defense cannot succeed under any circumstances, and Plaintiff's motion to strike Defendant's eighth affirmative defense is granted.

*Connector Castings, Inc. v. Newburg Rd. Lumber Co., Inc.*, 4:17-CV-01204-ERW, 2017 WL 3621329, at *2 (E.D. Mo. Aug. 23, 2017).

In addition to the cases cited by Judge Webber, an ever-growing number of courts have issued similar rulings. *See Swinter Grp., Inc. v. Nationwide Truckers' Ins. Agency*, No. 4:17-CV-2310-SPM, 2018 WL 306024, at **2-3 (E.D. Mo. Jan. 5, 2018) (citing cases and striking failure-to-mitigate defense in TCPA case); *Oliver v. Men's Wearhouse*, No. CV1601100TJHASX, 2017 WL 6888490, at *2 (C.D. Cal. Dec. 6, 2017) ("Oliver did not need to object to the text messages to preserve his [TCPA] claim."); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2017 WL 5720548, at *2 (C.D. Cal. Nov. 6, 2017) (TCPA telephone call case collecting cases addressing whether TCPA imposes duty to mitigate damages and finding no such duty); *U.S. Bands & Orchestra Supplies, Inc., v. John E. Reid & Assocs.*, No. 4:17-CV-2240-DDN, Doc. 28 (E.D. Mo. Sept. 27, 2017) (because plaintiff is only seeking statutory, liquidated damages and TCPA imposes strict liability, and because neither TCPA nor FCC contemplates any duty on the part of recipients to mitigate, law is sufficiently clear that failure-to-mitigate defense cannot succeed; its inclusion is therefore prejudicial to plaintiff, and interests of judicial economy are best served by striking defense).

Therefore, Defendant's sixth affirmative defense should be stricken under Rule 12(f) as to Count I.

> 8.    Bridgecrest reserves the right to amend these defenses as discovery progresses and additional information becomes known.

Defendant's eighth "affirmative defense" is insufficient as a matter of law as to both counts and should therefore be stricken. *See* Fed. R. Civ. P. 12(f). If Defendant discovers information providing a basis to amend or add any affirmative defenses during the course of discovery, Defendant should comply with Rule 15(a) of the Federal Rules of Civil Procedure and any scheduling order that the Court issues. Regardless, Affirmative Defense No. 8 is not an affirmative defense and therefore should be stricken, as is routinely done. *See Handi-Craft Co. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:12CV63 JCH, 2012 WL 1432566, at *5 (E.D. Mo. Apr. 25, 2012) (striking the reservation of rights to assert additional affirmative defenses and stating that "[i]f Defendant discovers an additional affirmative defense during the course of discovery, Defendant must petition the Court for leave to amend the answer pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure"); *Lutzeier v. Citigroup Inc.*, 305 F.R.D. 107, 112 (E.D. Mo. 2015) (citing Rule 15(a) and striking purported affirmative defense as matter of law), *order clarified*, No. 4:14CV183 RLW, 2015 WL 1033696 (E.D. Mo. Mar. 9, 2015), *and order vacated in part on reconsideration*, No. 4:14CV183 RLW, 2015 WL 7306443 (E.D. Mo. Nov. 19, 2015); *see also Fed. Trade Comm'n v. Quincy Bioscience Holding Co., Inc.*, No. 17 CIV. 124 (LLS), 2020 WL 1031271, at *5 (S.D.N.Y. Mar. 2, 2020) ("The motion to strike defendants' reservation of an untrammeled right to raise additional defenses is granted."); *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 186 F. Supp. 3d 1370, 1381 (N.D. Ga. 2016).

WHEREFORE, Plaintiff requests that the Court strike Defendant's Affirmative Defense Nos. 3, 4, and 8 as to Counts I and II, and No. 6 as to Count I only, and grant Plaintiff any additional relief deemed just and proper.

SCHULTZ & ASSOCIATES LLP

By: _____

Ronald J. Eisenberg, #48674(MO)
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax:  636-537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff*