UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.M., by and through his mother and next friend, APARNA DEORA, Ph.D., </br></br>    Plaintiff, </br></br> v. </br></br> BRIDGECREST ACCEPTANCE CORP., </br></br>    Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> )   Case No. 4:20-cv-00553-SEP |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Strike Two of Defendant's Affirmative Defenses. Doc. [22]. The Motion is fully briefed. For the reasons set forth below, the Motion is denied.

### FACTS AND BACKGROUND

Plaintiff A.M., by and through his mother and next friend, Aparna Deora, brings this action against Defendant Bridgecrest Acceptance Corporation (Bridgecrest) under the Telephone Consumer Protection Act of 1991 (TCPA). A.M. alleges that beginning in 2017, Bridgecrest used an "automatic telephone dialing system," as defined by 37 U.S.C. § 227(a)(1), to make telephone calls and send text messages to A.M. on his cellular telephone in violation of the TCPA. *Id.* ¶ 22. In total, A.M. allegedly received at least 171 calls and numerous text messages, many of them from an artificial or prerecorded voice. *Id.* ¶¶ 27, 40-41. A.M. further contends that in contacting him and leaving messages, Bridgecrest deprived A.M. of his right to possession of his cellular phone, voicemail, storage capacity, and battery life. A.M. brings two counts: (I) Violation of the TCPA, and (II) Conversion.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter." A court has significant discretion to strike affirmative defenses. *See Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (Because this rule is phrased "in the permissive," it is "understood that the district court enjoys liberal discretion thereunder." (internal quotation marks and citation omitted)).

1

Although "[j]udges enjoy liberal discretion to strike pleadings under Rule 12(f)," such an action is viewed as "an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007); *see Lutzeier v. Citigroup Inc.*, 305 F.R.D. 107 (E.D. Mo. 2015).

"Affirmative defenses are subject to the general rule that a pleading must contain a 'short and plain statement' of the basis of the defense." *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, 2008 WL 2817106, at *3 (E.D. Mo. July 21, 2008) (quoting Fed. R. Civ. P. 8(a)). This "put[s] opposing parties on notice of affirmative defenses and afford[s] them the opportunity to respond." *Id.* (quoting *Buttice v. G.D. Searle & Co.*, 938 F. Supp. 561, 656 (E.D. Mo. 1996)). The court should deny a motion to strike "if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Bartoe v. Missouri Barge Line Co., Inc.*, 2009 WL 1118816, at *1 (E.D. Mo. Apr. 24, 2009) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). In other words, "unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim of relief," the motion should be denied. *Shirrell v. St. Francis Med. Ctr.*, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (internal quotation marks and citation omitted); *see, e.g.*, *Republic-Vanguard Ins. Co. v. Cent. State Holding, LLC*, 2017 WL 1954745, at *2 (E.D. Mo. May 11, 2017) (applying the Rule 12(f) standard). Moreover, courts "should refrain from deciding new or close questions of law on a motion to strike due to the risk of offering an advisory opinion." *Cynergy Ergonomics, Inc.*, 2008 WL 2817106, at *2. "Courts seldom strike an affirmative defense unless the defense is clearly unavailable." *Anderson v. Hansen*, 2021 WL 1946366, at *4 (E.D. Mo. May 13, 2021); *see Lutzeier*, 305 F.R.D. at 111 (noting motions to strike are "infrequently granted").

The party filing a motion to strike must also show that it is prejudiced by the affirmative defense's inclusion or that the defense confuses the issues. *Cynergy Ergonomics, Inc.*, 2008 WL 2817106, at *2. When a defense fails as a matter of law or is immaterial, "the resources and time expended to counter such a defense constitute per se prejudice." *Suzanne Degnan, DMD, PC v. Dentis USA Corp.*, 2017 WL 2021085, at *2 (E.D. Mo. May 12, 2017) (quoting *In re RFC & ResCap Liquidating Trust Litig.*, No. 13-CV 3520 JRT/HB, 2015 WL 2451254, at *4 (D. Minn. May 21, 2015)).

**DISCUSSION**

A.M. asks the Court to strike Defendant's fourth affirmative defense as to Count I only, and its fifth as to both counts. *See* Doc. [22]. Plaintiff argues the affirmative defenses are "insufficient as a matter of law and immaterial" and that he is "prejudiced by the inclusion of such defenses" because of the "increased legal work." Doc. [22] ¶¶ 7-8.

### I.     Affirmative Defense 4:  Mitigation of Alleged Damages

Defendant's fourth affirmative defense states that "Plaintiff failed to mitigate any alleged damages." Doc. [20] at 8. A.M. contends that failure to mitigate damages is not a cognizable defense to his TCPA claim, Count I, citing several authorities in support. Doc. [23] at 2. A.M. does not move to strike the affirmative defense as to his conversion claim, Count II.

Bridgecrest does not contest that the failure to mitigate defense is inapplicable to the TCPA claim. Rather, Bridgecrest points out that failure to mitigate is a cognizable defense to conversion, and that parties are not required to specify against which count an affirmative defense applies. Therefore, Bridgecrest argues, the inclusion of failure to mitigate as an affirmative defense in its Amended Answer was proper. *See* Doc. [26] at 3.

A.M. provides no authority requiring a party to specify which defense is asserted against which count. *See* Docs. [23]; [29]. Thus, the Court is unconvinced that Bridgecrest incorrectly pled the affirmative defense. But even if Bridgecrest were required to indicate which count the defense addresses, A.M. would still have to establish that its inclusion is prejudicial or will confuse the issues in order to justify striking it. *See Cynergy Ergonomics, Inc.*, 2008 WL 2817106, at *2. A.M. claims he will be prejudiced because countering the defense will "waste resources and time." Doc. [23] at 4. Although expending resources and time can be per se prejudice, A.M. will not have to expend time or resources countering the defense in relation to Count I, because Bridgecrest has conceded that the affirmative defense does not apply to the TCPA claim. Doc. [23] at 4; *see Suzanne Degnan*, 2017 WL 2021085, at *2. Therefore, A.M. cannot meet the standard for striking the failure to mitigate defense as to Count I.

### II.    Affirmative Defense 5:  Unclean Hands

A.M. asks the Court to strike Defendant's fifth affirmative defense—"Plaintiff's claims are barred by the doctrine of unclean hands."—as to both counts. Doc. [20] at 8. A.M. argues

3

that unclean hands is an equitable doctrine, and because he does not seek equitable relief, the affirmative defense is inapplicable and insufficient as a matter of law.  Doc. [29] at 3.

A.M. is correct that unclean hands is an equitable defense and is unavailable for actions at law.  *See Swisher v. Swisher*, 124 S.W.3d 477, 483 (Mo. Ct. App. 2003) ("The unclean hands doctrine is not available as a defense to proceedings at law, even though based on equitable principles.").  But A.M. has not established that both counts of his Complaint are actions at law.  In particular, A.M. fails to establish that his claim for conversion is a legal rather than equitable action.  A.M. cites case law finding that equitable defenses are available only when equitable remedies are sought, *see* Doc. [29] at 2-3, and states that he does not seek equitable relief.  But there is also Missouri case law holding that "[e]quitable defenses apply to actions in conversion unless the defendant has tortiously taken the property."  *Warren v. Warren*, 784 S.W.2d 247, 253 (Mo. Ct. App. 1989) (permitting application of unclean hands defense in action for conversion).  Thus, there is a question of law before the Court—namely, whether A.M's claim for conversion is in fact an action in equity—and A.M. has not established that the unclean hands defense is "clearly unavailable."[1]  *Anderson*, 2021 WL 1946366, at *4; *see Bartoe*, 2009 WL 1118816, at *1 (denying the motion when it "fairly presents a question of law or fact which the court ought to hear"); *see also Cynergy Ergonomics, Inc.*, 2008 WL 2817106, at *2 ("Court[s] should refrain from deciding new or close questions of law on a motion to strike due to the risk of offering an advisory opinion.").  Therefore, the Court declines to strike Defendant's unclean hands defense.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Two of Defendant's Affirmative Defenses (Doc. [22]) is **DENIED**.

Dated this 26th day of August, 2021.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] Because the affirmative defense need only be properly asserted against one count to remain in the pleading, the Court will not address the application of the defense to the TCPA claim.